MICHAEL L. KETTENBACH *vs.* BOARD OF BAR OVERSEERS & another.[1] March 23, 2007. *Public Records. Board of Bar Overseers. Executive. Words,* "Governmental entity."

Michael L. Kettenbach appeals from a judgment of the county court dismissing his complaint pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). We affirm the judgment.

We summarize Kettenbach's complaint, accepting as true all factual allegations, but not "legal conclusions cast in the form of factual allegations." *Schaer* v. *Brandeis Univ.*, 432 Mass. 474, 477 (2000). An Associate Justice of the Superior Court (former judge), after she was found to have violated certain canons of the Code of Judicial Conduct, resigned from the bench. She thereafter assumed inactive status as a member of the bar of the Commonwealth. By letters dated January 20, 2006, Kettenbach requested, pursuant to the public records statute, G. L. c. 66, § 10, that the defendants, the Board of Bar Overseers (board) and bar counsel, permit him to inspect, examine, and obtain one copy of every document in their custody, or in the custody of either of them, relating to the former judge's status as a member of

---

[1]Bar Counsel.

the bar.[2] Such documents, Kettenbach alleges, would include without limitation the writing by which the former judge would have "advise[d] the [b]oard . . . that . . . she desire[d] to assume inactive status and to discontinue the practice of law in this Commonwealth," S.J.C. Rule 4:02 (4), as appearing in 416 Mass. 1302 (1993), as well as "any writing proposing or memorializing any agreement or stipulation between [the former judge] and the [board], under which the defendants, or either of them, agreed with [the former judge] or with the [commission on judicial conduct] not to pursue an investigation of [the former judge's] professional conduct, provided that [the former judge] sought inactive status as a member of the bar."[3] Neither the board nor bar counsel complied with Kettenbach's request.

Kettenbach then commenced this action in the county court, asserting that the documents sought were public records within the meaning of G. L. c. 66, § 10, and G. L. c. 4, § 7, Twenty-sixth, and requesting that the single justice order compliance with his request. G. L. c. 66, § 10 (*b*). The single justice allowed the defendants' motion to dismiss the complaint under rule 12 (b) (6).

At issue is whether the board and bar counsel, which Kettenbach acknowledges are within the judicial branch of government, are subject to the public records law. With many exemptions, "public records" are defined as:

> "[A]ll books, papers, maps, photographs, recorded tapes, financial statements, statistical tabulations, or other documentary materials or data, regardless of physical form or characteristics, made or received by any officer or employee of any agency, executive office, department, board, commission, bureau, division or authority of the commonwealth, or of any political subdivision thereof, or of any authority established by the general court to serve a public purpose."

G. L. c. 4, § 7, Twenty-sixth.

"This court has construed strictly the scope of G. L. c. 4, § 7, Twenty-sixth, to preclude the public disclosure of documents held by entities other than those specifically delineated in the statute." *Harvard Crimson, Inc.* v. *President & Fellows of Harvard College*, 445 Mass. 745, 750 (2006). "Neither the Legislature nor the Judiciary are expressly included in G. L. c. 4, § 7, Twenty-sixth." *Lambert* v. *Executive Director of the Judicial Nominating Council*, 425 Mass. 406, 409 (1997). We have long held that court records are not public records within that definition. *New Bedford Standard-Times Publ. Co.* v. *Clerk of the Third Dist. Court of Bristol*, 377 Mass. 404, 407 (1979), citing *Ottaway Newspapers, Inc.* v. *Appeals Court*, 372 Mass. 539, 545-546 (1977). Kettenbach argues that documents made or received by the board or by bar counsel are nonetheless public records. We disagree.

As we discussed in *Harvard Crimson* v. *President & Fellows of Harvard College*, *supra* at 751, the supervisor of public records (supervisor) has

---

[2]Kettenbach's letters, and correspondence from the defendants concerning his requests for documents, were made exhibits to the complaint.

[3]For purposes of this appeal, we assume that such documents exist and are in the custody of either the board or bar counsel, or both of them.

promulgated regulations implementing the public records law. 950 Code Mass. Regs. §§ 32.00 (2003). See G. L. c. 66, § 1 (delegating authority to supervisor). The regulations "shall be construed to ensure the public prompt access to all public records in the custody of state *governmental entities* and in the custody of *governmental entities* of political subdivisions of the Commonwealth" (emphasis added). 950 Code Mass. Regs. § 32.02. "Governmental Entity" is defined as "any authority established by the General Court to serve a public purpose, any department, office, commission, committee, council, board, division, bureau, or other agency within the Executive Branch of the Commonwealth, or within a political subdivision of the Commonwealth. *It shall not include the legislature and the judiciary.*" (Emphasis added.) 950 Code Mass. Regs. § 32.03. Under these regulations, the public records law applies to only one of the three branches of State government, namely, the Executive branch. Kettenbach has not argued that these regulations are beyond the supervisor's authority or that we should not defer to the supervisor's interpretation of the statutes he is charged with administering.[4] E.g., *BayBank* v. *Bornhofft*, 427 Mass. 571, 577-578 (1998) (deferring to agency's interpretation of its governing statute, particularly where party did not brief or argue that agency exceeded its authority). We need not consider his suggestion that the regulation's reference to the "judiciary" does not encompass the entire "judicial branch of government," as it is made solely in a footnote in his reply brief and is unsupported by any authority. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Moreover, Kettenbach's reading of the regulation would frustrate the supervisor's apparent interpretation of the public records statutes as including one of the three branches of government and excluding the other two. We conclude that the single justice did not err in dismissing the complaint.[5]

*Judgment affirmed.*

*Thomas B. Merritt* for the plaintiff.

*Robert L. Quinan, Jr.,* Assistant Attorney General, for the defendants.

---

[4]Kettenbach's suggestion that the regulations improperly add language to the statute that the Legislature did not include does not rise to the level of appellate argument. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). In any event, he ignores the well-established principle that a court will defer to an agency's reasonable and authorized interpretation of its governing statute. Further, his suggestion appears to confuse judicial statutory interpretation, see *Dartt* v. *Browning-Ferris Indus., Inc. (Mass.)*, 427 Mass. 1, 8-9 (1998) ("*we* hesitate to rewrite the statute *judicially* to import such a restriction. . . . *[W]e* will not add to a statute a word that the Legislature had the option to, but chose not to, include") (emphasis added), with an agency's authority to regulate.

[5]In light of our disposition, we need not consider the defendants' argument that applying the public records law to them would conflict with the confidentiality provisions of S.J.C. Rule 4:01, § 20, as amended, 438 Mass. 1301 (2002), and would violate separation of powers principles.

